UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STUART BARDAN,<br><br>Defendant. | Case No. 1:20-cr-00167-DCN<br><br>**REPORT AND RECOMMENDATION** |

On March 31, 2021, Defendant Stuart Bardan appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. (Dkt. 26). The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 17), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

Probation Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (E) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

Prior to Defendant's initial appearance on the complaint, the Government had moved for detention. (Dkt. 6.) At Defendant's initial appearance on July 21, 2020, the Government reached an agreement with Defendant regarding release conditions. (Dkt. 13.) The Court ordered released Defendant on several conditions, which included location monitoring, curfew, and no access to the internet. (Dkt. 14.)

On March 29, 2021, Pretrial Services filed a Release Status Report with the Court. (Dkt. 29.) Pretrial Services reports Defendant has been compliant with all of the terms of pretrial release, including maintaining contact with Pretrial Services and complying with the rules of the location monitoring program and curfew. Pretrial Services recommends that Defendant's conditions of pretrial supervision remain unchanged.

At the time of the plea hearing, the Government stated that it did not oppose Defendant's continued release pending imposition of sentencing. The Government further indicated that it does not have information or reason to believe Defendant is at an enhanced risk of flight or danger to the community at this time.

**REPORT AND RECOMMENDATION - 2**

As proffered by Defendant's counsel at the hearing, Defendant provides full time care for his youngest daughter while his spouse works outside the home, as well as before and after school care for two other children. He also is providing assistance in the care of his mother, who is currently in hospice care with a terminal illness. Defendant has no other criminal history. He has been cooperative, and he has attended all scheduled court appearances.

Upon consideration of the totality of the circumstances presented in this case, including the conditions of release and the disruption in the care Defendant is currently providing his children and mother that would occur with detention pending imposition of sentencing, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1)      The District Court accept Defendant Stuart Bardan's plea of guilty to Count 4 of the Indictment (Dkt. 17).

2)      The District Court order forfeiture consistent with Defendant Stuart Bardan's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 17) and the Plea Agreement (Dkt. 26).

3)      The District Court **GRANT**, at the appropriate time, the United States'

**REPORT AND RECOMMENDATION - 3**

motion to dismiss Counts 1, 2, and 3 of the Indictment (Dkt. 17) as to Defendant.

4)      The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release. (Dkt. 14.)

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: March 31, 2021

Honorable Candy W. Dale
United States Magistrate Judge

**REPORT AND RECOMMENDATION - 4**